IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**BURT SETTS,**

    Petitioner,

vs.                                                                                                             Case No. 4:14cv579-WS/CAS

**JULIE L. JONES, Secretary,**
**Florida Department of Corrections,**

    Respondent.

_____/

## REPORT AND RECOMMENDATION TO DISMISS § 2254 PETITION

On October 27, 2014, Petitioner Burt Setts, proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 and supporting memorandum. Docs. 1 and 2. Petitioner subsequently filed an amended § 2254 petition and supporting memorandum. Doc. 5. Petitioner challenges his 1983 conviction and sentence entered by the Second Judicial Circuit, Gadsden County, Florida, in case number 82-CF-412-A. *Id.*

On May 6, 2015, Respondent filed a motion to dismiss the habeas petition as successive, explaining that Petitioner previously challenged the same judgment in a § 2254 petition and Petitioner has not obtained authorization from the Eleventh Circuit

Court of Appeals to file a second or successive § 2254 petition.  Doc. 14.  Petitioner has filed a reply to the motion to dismiss.  Docs. 15 and 16.

The matter was referred to the undersigned magistrate judge for issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters, pursuant to 28 U.S.C. § 636 and Northern District of Florida Local Rule 72.2(B).  After careful consideration, the undersigned has determined no evidentiary hearing is required for the disposition of this matter.  *See* Rule 8(a), R. Gov. § 2254 Cases.  The pleadings and attachments before the Court show that the petition is an unauthorized "second or successive" petition and should be dismissed.  *See* Rule 4, R. Gov. § 2254 Cases in U.S. Dist. Cts (authorizing dismissal "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief" in federal court).

## Analysis

Petitioner challenges his 1983 conviction and sentence for second degree murder and sexual battery in case number 82-CF-412 from the Second Judicial Circuit, Gadsden County, Florida.  Doc. 5.  Petitioner asserts: (1) he was arrested under a capias on a criminal information for first degree murder by an investigative officer; (2) he was charged with first degree murder by an information instead of an indictment by a grand jury rendering the court without subject matter jurisdiction; and (3) his guilty pleas were involuntary because he was not informed of the facts and nature of the offense, rendering the court without subject matter jurisdiction.  *Id.* at 5-8.

As Respondent indicates, however, Petitioner has previously filed § 2254 petitions challenging his conviction and sentence in case number 82-CF-412.  *See* Doc. 14 at 1-2; *see, e.g.*, Setts v. McNeil, No. 4:08cv367-MP/WCS (Docs. 6 (report and recommendation to dismiss § 2254 petition as unauthorized second or successive § 2254 petition) and 10 (order adopting report and recommendation and dismissing § 2254 petition)); Setts v. Mecusker, No. 4:03cv203-RH/WCS (Docs. 6 (report and recommendation to dismiss § 2254 petition as unauthorized second or successive § 2254 petition) and 8 (order adopting report and recommendation and dismissing § 2254 petition)); Setts v. Singletary, No. 4:94cv40381 (Docs. 24 (report and recommendation to deny § 2254 petition on merits) and 26 (order adopting report and recommendation, denying § 2254 petition, and closing file)); *see also* Setts v. Crosby, No. 4:05cv77-WS/WCS (Docs. 7 (report and recommendation to deny Rule 60(b)(3) motion as unauthorized or successive § 2254 petition) and 13 (order adopting report and recommendation and denying motion)).  The Eleventh Circuit Court of Appeals has at least twice denied Setts authorization for filing a second or successive § 2254 petition.  *See* Setts v. Mecusker, No. 4:03cv203-RH/WCS (Doc. 10 (order filed Oct. 21, 2003)); Setts v. Crosby, No. 4:05cv77-WS/WCS (Doc. 17 (order filed July 6, 2005)).

Petitioner has not shown a jurisdictional basis for this habeas action. Petitioner challenges his confinement pursuant to the same state court judgment that he challenged in prior § 2254 petitions.  Thus, the instant petition is "second or successive," for purposes of section 2244(b)(3)(A).  This Court does not have jurisdiction to consider a second or successive § 2254 petition unless the Court of

Appeals has authorized its filing.  See 28 U.S.C. § 2244(b)(3); Burton v. Stewart, 549 U.S. 147 (2007) (holding that federal district court lacked jurisdiction to entertain § 2254 petition because state inmate did not obtain order from Court of Appeals authorizing him to file second petition).

## Conclusion

For the reasons stated above, this § 2254 petition is an unauthorized second or successive petition.  Therefore, this Court does not have jurisdiction to consider it and Respondent's motion to dismiss (Doc. 14) should be granted.

## Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases in the U.S. District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  Rule 11(b) provides that a timely notice of appeal must still be filed, even if the court issues a certificate of appealability.

Petitioner cannot make a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (explaining how to satisfy this showing) (citation omitted).  Therefore, the Court should deny a certificate of appealability in its final order.  Leave to appeal in forma pauperis should also be denied, as an appeal would not be taken in good faith.  See Fed. R. App. P. 24(a)(3)(A) (providing that before or after notice of appeal is filed, court may certify appeal is not in good faith or party is not otherwise entitled to appeal in forma pauperis).

Case No. 4:14cv579-WS/CAS

The second sentence of Rule 11(a) provides that "[b]efore entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  Petitioner shall make any argument as to whether a certificate should issue by filing objections to this report and recommendation.

### Recommendation

It is therefore respectfully **RECOMMENDED** that Respondent's motion to dismiss (Doc. 14) be **GRANTED**, the amended § 2254 petition for writ of habeas corpus (Doc. 5) be **DISMISSED**, a certificate of appealability be **DENIED**, and leave to appeal in forma pauperis be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on July 7, 2015.

s/ Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**